# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF MICHIGAN

WINSTON SHAY, an individual )
      Plaintiff, ) Case No.
)
vs. ) Honorable
)
ABIGAIL SCHULTZ, an individual and )
JOSHUA STURMAN, an individual )
)
      Defendants. )

_____/

THE CRONIN LAW FIRM, PLLC
Sabrina Shaheen Cronin (P48699)
Ian M. Redmond (P70599)
Attorneys for Plaintiff
21 East Long Lake Road, Suite 250
Bloomfield Hills, MI  48304
(248) 258-3500/(258)258-3501(fax)
Scronin@croninlawfirm.com
Iredmond@croninlawfirm.com

_____/

## COMPLAINT AND JURY DEMAND

Plaintiff Winston Shay, by and through his attorneys, the Cronin Law Firm, PLLC brings this Complaint against Defendants, Abigail Schultz and Joshua Sturman (collectively, "Defendants"), and states as follows:

## JURISDICTION AND VENUE

1.      Plaintiff, Winston Shay ("Plaintiff") is an individual and resident of the State of Washington.

2.      Defendant, Abigail Schultz ("Shultz") is an individual and resident of the State of Illinois.

3.      Defendant, Joshua Sturman ("Sturman") is an individual and resident of the state of Pennsylvania.

4.      This court has jurisdiction over this matter pursuant to 28 U.S.C. §1332, as the claims arise under diversity jurisdiction and the amount in controversy exceeds $75,000.

5.      Venue is proper in this court pursuant to 28 U.S.C. §1391(b), as the issues arise from the employment of both Plaintiff and Defendants in the state of Michigan.

6.      This court has personal jurisdiction over Defendants as they were employed by Hudson Institute of Process Research, Inc., ("Hudson") a Michigan corporation and their employment agreement consented to the jurisdiction of Michigan.

## GENERAL FACTS

7.      Plaintiff incorporates by reference paragraphs 1 through 6, above, as if fully rewritten herein.

8.      Hudson is a legal support and solution company that provides services to law firms serving clients seeking U.S. employment-based visas.

9.      Prior to July of 2022, HIPR Packsoft Technologies, Inc ("HIPR") hired employees to staff Hudson's offices.

10.     In July of 2022, HIPR merged with Hudson.

11.     In December of 2018, Hudson hired Schultz to work as a legal writing specialist in its Chicago office. Schultz's duties included preparing immigration related letters and documents and conducting legal and project related research. Schultz was later promoted to the position of RFE team leader in April of 2021.

12.     As part of her employment, Schultz signed written agreements in which she agreed to maintain the information, documentation and client information of Hudson as confidential and not to disclose such information to third parties. Shultz also agreed not to make disparaging

comments or statements about Hudson, its officers, directors, owners, employees, or practices. Schultz Contract, **Exhibit A.**

13.     In May of 2019, Hudson hired Sturman to work as a legal writing specialist in its Pittsburgh office. Sturman's duties included preparing immigration related letters and documents and conducting legal and project related research. Sturman was later promoted to the position of RFE writer in April of 2020.

14.     As part of his employment, Sturman signed written agreements in which he agreed to maintain the information, documentation and client information of Hudson as confidential and not to disclose such information to third parties. Sturman also agreed not to make disparaging comments or statements about Hudson, its officers, directors, owners, employees, or practices. Sturman Contract, **Exhibit B.**

15.     Both the Schultz Contract and the Sturman Contract consent to the jurisdiction of Michigan courts for the adjudication of all disputes. See **Exhibits A & B.**

16.     At some point, Defendants conspired to harm Hudson, including the disruption of Hudson's ability to hire new employees.

17.     On July 9, 2021, Defendants created a Twitter account ("Hudson Workers United") to post false and disparaging statements about Hudson, its officers, directors, owners, employees, and practices.

18.     Defendants created the Twitter account using an e-mail account that Defendants created during their employment with Hudson (hudsonlegalteams@gmail.com) (hereafter "Hudson Email").

19.     Defendants used the Hudson Email to transact work while employed with Hudson.

20.     The Hudson Email stores Hudson training documents and IP assets.

21.     The Twitter account also used Defendants' personal information for account recovery: Schultz's phone number and Sturman's personal email address.

22.     Hudson terminated Defendants' employment on October 29, 2021 for their violations of their confidentiality agreements and their misappropriation of trade secrets and IP assets.

23.     Defendants also created website (gogreened.wordpress.com) ("GoGreened") where they posted false statements about Hudson, and its directors and HR managers, including false accusations of unlawfully stealing employee salaries.

24.     GoGreened was first indexed on the internet on March 8, 2022.

25.     Defendants falsely state that Plaintiff is married to Victoria Claire Chen, is sexist and makes inappropriate jokes. See GoGreened, **Exhibit C**.

26.     In fact, Plaintiff is not married.

27.     Further, Plaintiff did not make inappropriate jokes. Hudson adopted a Project Management System (PMS) in 2021, which a prior employee of Hudson distorted and made jokes about.

28.     On May 13, 2022, Defendants posted additional false statements on GoGreened, stating that Plaintiff stole an employee's salary.

29.     Defendants orchestrated a demonstration in Ann Arbor on May 13, 2022 where flyers were posted around town depicting Plaintiff's image and stating "Winston Shay Stole My Pay." Protest, **Exhibit D**.

30.     Notably, Plaintiff never calculated employee compensation, nor stole or directed anyone to steal employees' pay.

31.     The picture of Plaintiff that Defendants used on GoGreened and on the flyers is subject to copyright laws.

32.     Plaintiff registered that photograph with the United States Copyright Office, Registration No. VAu1-481-271. Copyright, **Exhibit E**.

**COUNT I**
**DEFAMATION PER SE**

33.     Plaintiff incorporates by reference paragraphs 1 through 32, above, as if fully rewritten herein.

34.     Defendants issued false and misleading statements about Plaintiff with malice and intent to harm Plaintiff's reputation.

35.     Defendants posted false statements on GoGreened claiming Plaintiff broke the law and stole employee salaries.

36.     Defendants posted false statements on Twitter claiming Plaintiff broke the law and stole employee salaries.

37.     Defendants coordinated a protest in Ann Arbor, where they promoted the claims that Plaintiff broke the law and stole employee salaries.

38.     While Plaintiff was not involved in any criminal activity, the Pennsylvania and Michigan Departments of Labor investigated claims that Hudson failed to pay certain bonuses, which investigations were closed without any charges or penalties levied against Plaintiff or Hudson.

39.     Defendants' false allegations that Plaintiff stole salaries constitutes defamation per se.

WHEREFORE Plaintiff prays that this Honorable Court enter Judgment in favor of Plaintiff, Winston Shay, and against Defendants, Abigail Schultz and Joshua Sturman, jointly and severally, in an amount more than $75,000 plus reasonable attorney fees.

## COUNT II
## DEFAMATION

40.     Plaintiff incorporates by reference paragraphs 1 through 39, above, as if fully rewritten herein.

41.     Defendants attributed inappropriate jokes to Plaintiff that cast Plaintiff in a false light while knowing that the statements were false and misleading.

42.     When Hudson implemented the Project Management System (PMS) in 2021, Defendants were employed by Hudson and knew that another employee, Sara Bell, initiated the inappropriate jokes about PMS.

43.     That employee issued a companywide internal poll to ask employees their understanding of PMS: (https://www.starwpoll.me/45547650/r)

44.     Defendants received this poll and knew that Plaintiff did not originate it or promote it.

45.     Defendants knowingly and recklessly disregarded the truth and claimed that Plaintiff made the inappropriate jokes in posts to GoGreened and Twitter.

46.     Plaintiff has suffered damages as a result of Defendants' false and misleading statements, including but not limited to:

      a.     Damage to Plaintiff's professional reputation.

      b.     Loss of employees.

      c.     Loss of business dealings.

WHEREFORE Plaintiff prays that this Honorable Court enter Judgment in favor of Plaintiff, Winston Shay and against Defendants Abigail Schultz and Joshua Sturman, jointly and severally, in an amount more than $75,000 plus reasonable attorney fees.

**COUNT III**
**MISAPPROPRIATION OF LIKENESS**

47.      Plaintiff incorporates by reference paragraphs 1 through 46, above, as if fully rewritten herein.

48.      Defendants misappropriated a likeness of Plaintiff and posted it on GoGreened on or about March 8, 2022.

49.      Defendants further misappropriated Plaintiff's likeness by placing it on posters all over Anna Arbor on May 13, 2022.

50.      Plaintiff did not authorize Defendants to use or reproduce his likeness.

51.      Plaintiff's reputation has been harmed by Defendants' misappropriation of his likeness.

52.      Plaintiff has suffered damages as a result of Defendants' false and misleading statements, including but not limited to:

        a.      Damage to Plaintiff's professional reputation.

        b.      Damage to Plaintiff's personal reputation.

        c.      Loss of business dealings.

WHEREFORE Plaintiff prays that this Honorable Court enter Judgment in favor of Plaintiff, Winston Shay, and against Defendants, Abigail Schultz and Joshua Sturman, jointly and severally, in an amount more than $75,000 plus reasonable attorney fees.

**COUNT IV**
**COPYRIGHT INFRINGEMENT**

53.      Plaintiff incorporates by reference paragraphs 1 through 52, above, as if fully rewritten herein.

54.     Plaintiff owns the rights to a photograph of himself.

55.     Plaintiff registered that photograph of himself with the United States Copyright Office. Copyright, **Exhibit D**.

56.     Defendants posted that particular picture of Plaintiff on GoGreened on or about March 8, 2022.

57.     Plaintiff has asked that Defendants delete and remove the photograph of him, but Defendants refused and have yet to comply with this request.

58.     The photograph of Plaintiff remains on GoGreened in violation of 17 U.S.C. §501 et seq.

59.     Defendants are liable to Plaintiff for statutory damages for the continued copyright infringement of Plaintiff's photograph.

WHEREFORE Plaintiff prays that this Honorable Court enter Judgment in favor of Plaintiff, Winston Shay, and against Defendants, Abigail Schultz and Joshua Sturman, jointly and severally, in an amount more than $75,000 plus reasonable attorney fees.

Respectfully Submitted,

THE CRONIN LAW FIRM., PLLC

/s/ Ian Redmond_____
Sabrina Shaheen Cronin (P48699)
Ian M. Redmond (P70599)
Attorneys for Plaintiffs
21 E. Long Lake Road, Suite 250
Bloomfield Hills, MI 48304
(248) 258-3500
Dated: March 7, 2023          iredmond@croninlawfirm.com